14-30-5169

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| TORREZ MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14 cv 7096 |
| | ) | |
| THE VILLAGE OF FLOSSMOOR, | ) | Honorable Judge Charles P. Kocoras |
| PAUL BRAUN, LINDA SIMON, and | ) | Magistrate Judge Daniel G. Martin |
| ED McCORMICK, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE

NOW COME the Defendants, VILLAGE OF FLOSSMOOR, a municipal corporation, PAUL BRAUN, in his official capacity as Village President; ED MCCORMICK, in his official capacity as Village Attorney and LINDA SIMON, in her official capacity as water accounts clerk, by and through their attorneys, Hartigan & O'Connor, P.C. (collectively hereinafter referred to as "Defendants"), and in support of their Motion to Dismiss Plaintiff's Complaint, brought pursuant to Fed.R.Civ.P. 12(b)(6), and their Motion to Strike, brought pursuit to Fed.R.Civ.P. 12(f)(2), states the following:

### BACKGROUND

1.       On August 28, 2014, Plaintiff, TORREZ MOORE (hereafter "Moore"), filed his "Complaint for Declaratory Injunctive and Other Relief Counter Claim for Lack of Jurisdiction" (hereinafter "**Complaint**") in the Cook County Chancery Division. (D.E #1-1, pgs. 2-12).

2.       Plaintiff's *pro-se* Complaint, construed generously in keeping with the standards for *pro se* pleadings, generally alleges that Defendants violated his right to due process and equal protection when they refused to grant his application for water service to a single-family home

located at 3137 Redwood Court, Flossmoor, IL 60422 (hereinafter "**Property**"). (D.E. #1-1, pg. 6, ¶¶12-17).

3.      In support of his Complaint, Plaintiff attached a document recorded on June 10, 2014 with the Cook County Recorder of Deeds entitled "Notice of Non Abandonment and Secured Interest of Property" (hereinafter "**Notice**"). (D.E. #1-1, pgs. 13-17). Moore claims that this document confers an interest in the Property and in water service to the Property.

4.      Plaintiff's Complaint contains the following two counts:

Count I:      42 U.S.C. §1983 (procedural and substantive due process and equal protection)

Count II:      Equitable Estoppel

5.      For reasons set forth herein, Defendants request that this Court dismiss Plaintiff's Complaint with prejudice for failure to state a claim.

## STANDARD OF REVIEW

To state a claim for relief, a complaint must contain factual allegations that plausibly suggest an entitlement to relief, to a degree that rises above the speculative level and permits the inference that the defendant is liable. Fed.R.Civ.P. 8(a); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-680 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Twombly*, at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv*., 577 F.3d 816, 821 (7th Cir. 2009). When evaluating a motion to dismiss, a district court may consider any facts set forth in the complaint that undermine the plaintiff's claim, including exhibits attached to the complaint. *See* Fed.R.Civ.P. 10(c); *Bogie v.*

2

*Rosenburg*, 705 F.3d 603, 609 (7th Cir. 2012). A court may take judicial notice of matters of

public record without converting a motion to dismiss into a motion for summary judgment.

*Ennenga v. Starns*, 677 F.3d 766, 773-74 (7th Cir. 2012).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d

1025, 1026-7 (7th Cir. 2000).

## ARGUMENT

### I. PLAINTIFF'S DUE PROCESS CLAIMS MUST FAIL BECAUSE HE HAS NO INTEREST IN THE SUBJECT PROPERTY

According to Plaintiff's Complaint, on June 10, 2014, a Notice was filed [with the Office

of the Cook County Recorder of Deeds] on an allegedly "unimproved" and "abandon" (*sic*)

property. (D.E. 1-1, pg. 5, ¶8). The Notice, which was attached as Exhibit "A" to his Complaint,

is Plaintiff's attempt to claim 3137 Redwood Ct. Flossmoor, IL 60422 by way of adverse

possession.[1] Indeed, his "Affidavit of Adverse Possession" claims that he has "continuously and

adversely possessed the above described property since the 10th day of June 2014 to the

exclusion of all others." (D.E. 1-1, pg. 14).

Plaintiff's Complaint goes on to reference (without citation) the Village ordinance

regarding water service. (D.E. 1-1, pgs. 5-6). The Village ordinance governing water service can

be found in the Village Code of Ordinances ("VCO") Chapter 277: Water and Sewer; Article 1:

---

[1] After performing a grantor/grantee search on the Cook County Recorder of Deeds website, it was determined that since September 12, 2012, Plaintiff has recorded with the recorder's office identical "Notices of Non-Abandonment and Secured Interest of Property" against fourteen (14) other properties located within Cook County. The Court may take judicial notice of public records as well as "documents that are critical to the complaint and referred to in it." *Geinosky v. City of Chicago*, 675 F.3d 743, at 745, n. 1 (7th Cir. 2012).

General Provisions; §277-1-2 Application; fee, which reads in relevant part:

A. Application for an account for water and/or sewer services shall be made by an owner or occupant to the Village Finance Department whenever either or both such services are first made available to any premises in the Village, or whenever there is a change in ownership or occupancy and either or both such services are then available to existing premises. Such application shall be on a form provided for such purpose and shall contain an agreement by the applicant to abide by and accept all the provisions of this chapter as conditions governing the use of the Village water and sewer services.

B. A fee as set forth in Chapter 150, Fees, Fines and Charges, Article 9, shall be paid for opening any new account or change in customer for water and/or sewer services. Said fee shall be non-refundable and not creditable to charges incurred for such services.[2]

Plaintiff alleges that he complied with the above ordinance requirements by filling out the application and paying the application fee and for "some reason unbeknown to the plaintiff", his application was denied. (D.E. 1-1, pg. 6, ¶12). For purposes of this motion, there is no dispute that Plaintiff completed the application form and paid the fee which was later refunded. (See Linda Simon affidavit, attached hereto and marked as Motion to Dismiss Exhibit **1**, ¶7). However, as is shown below, the act of completing an application alone does not confer a property right much less show proof of ownership of the subject Property.

**A.       Procedural Due Process**

As a necessary component of a procedural due process claim, Plaintiff must identify a protected property or liberty interest. *Khan v. Bland,* 630 F.3d 519, 527 (7th Cir. 2010). Here, Plaintiff is arguably asserting a property interest in water service. However, for water service to be a protected property interest, Plaintiff must "have [had] a legitimate claim of entitlement to

---

[2] VCO, Chapter 277, Art. 1, §277-1-2. The court may also take judicial notice of state statutes, city charters, and city ordinances as all are within the category of "common knowledge". *Newcomb v. Brennan*, 558 F.2d 825, 829 (7th Cir. 1977); *Demos v. City of Indianapolis*, 302 F.3d 698, 706 (7th Cir. 2002) (district court may always rely on public statutes).

4

it." *Id.* "A legitimate claim of entitlement to warrant a due process hearing occurs only when the statutes [or] regulations in question establish a framework of factual conditions delimiting entitlements which are capable of being explored at a due process hearing." *Fincher v. South Bend Heritage Found.,* 606 F.3d 331, 334 (7th Cir. 2010).

In the instant matter, Plaintiff has no legitimate protected property interest in the subject Property. Plaintiff's Complaint identifies the PIN# for the subject property as being: 31-01-111-009-0000. (D.E. 1-1, pg. 5, ¶4). A search of said PIN number on the Cook County Recorder of Deeds website reveals the following recorded documents (all of which are of public record):

- May 3, 2002:       Warranty deed conveying 3137 Redwood Court, Flossmoor, IL to Gabrielle Bosley-Berry (Attached as Exhibit "**2**")

- May 14, 2008:      Mortgage issued by Bank of America to Gabrielle Bosley Berry. (Attached hereto as Exhibit "**3**")

- May 14, 2012:      Notice of Foreclosure filed by Bank of America against Gabrielle Bosley-Berry, *et al*., Cook County Chancery 2012 CH 17144 (Attached hereto as Exhibit "**4**")

- May 3, 2013:       Assignment of Mortgage from Bank of America to Nationstar Mortgage, LLC (Attached hereto as Exhibit "**5**")

- June 10, 2014:     Plaintiff's Notice of Non-Abandonment and Secured Interest of Property and Affidavit of Adverse Possession. (Attached hereto and marked as Exhibit "**6**")

Plaintiff's Notice and the attached public documents (Exs. 2-5) clearly demonstrate that Plaintiff possesses no legal interest in the subject property. In fact, the Property is the subject of a foreclosure action pending in the Cook County Chancery Court (2012 CH 17144) which has a Motion to Approve the Judicial Sale of the Property before Hon. Allen Price Walker on September 22, 2014.

Furthermore, Plaintiff's claim of adverse possession is without merit. Adverse possession

5

is the "open and hostile possession of land under claim of title to the exclusion of the true owner, which, if continued for the period prescribed by statute, ripens into actual title." 1 Ill. Law and Prac. Adverse Possession, §2. To establish title under the adverse possession in Illinois, a party must provide that his/her possession of land was: (1) continuous; (2) hostile; (3) actual; (4) open, notorious and exclusive, and (5) under claim of title inconsistent with that of the true owner for a period of 20 years. *See* 735 ILCS 5/13-102 (West 2014). Alternatively, a claimant may commence an action for recovery of land before the expiration of twenty years if they have: (1) actual possession of the land for seven years and (2) record title. *See* 735 ILCS 5/13-107 (West 2014). Under this provision, mere "color of title[3]" is not enough; at least a *prima facie* title is required. *See Dickenson v. Breeden*, 30 Ill. 279, 325 (1863).

Under either approach, Plaintiff's claim for adverse possession of the subject property fails. According to this Notice filed with the Cook County Recorder of Deeds, Plaintiff has only resided at the Property since June 2014. *See* D.E. 1-1, pg. 14. Because Plaintiff's claim of adverse possession of the subject Property fails, he can have no legitimate expectation of water service. Even assuming that Plaintiff's claim of adverse possession is valid, he still cannot demonstrate a protected property interest in water service because he was never being provided water in the first instance. Indeed, the affidavit from Linda Simon reveals that in 2014, water bills were being directed to the assignee-mortgage holder, Nationstar Mortgage, LLC. (Ex. 1, ¶¶4-5). At no time was there a contractual or even quasi-contractual relationship between Plaintiff and the Village of Flossmoor. *See Lewis v. Schmidt*, 2010-CV-1819 at *9 (June 25, 2012) (finding that squatter was never a "customer" for water service and had no legitimate

---

[3] Color of Title: A written instrument or other evidence that appears to establish title but does not in fact do so. <u>Black's Law Dictionary</u>. (8th Ed. 2004).

6

claim of entitlement to water service to support alleged due process violation)[4]. *Cf. Wayt v. Town of Crothersville*, 2012-cv-0081, 2012 WL 1098630, at \*9 (S.D. Ind. Mar. 30, 2012)(holding that an "implied contract created a protected property interest in continued water service.").

Finally, even if Plaintiff was arguably deprived of a protected property interest in the supply of water to the Property, his procedural due process claim fails because there is an adequate post-deprivation remedy (or "process") available to him. *See Price v. Bd. of Educ. of the City of Chi.*, 755 F.3d 605, 607 (7th Cir. 2014); *Leavell v. Ill. Dep't of Natural Res.*, 600 F.3d 798, 804-5 (7th Cir. 2010). For example, Plaintiff could file a complaint for mandamus. *See* 735 ILCS 5/14-101, *et seq.* While it is true that Defendants' removed Plaintiff's Complaint to federal court, it is clear from a plain reading of the Complaint that there is an adequate post-deprivation state-law remedy that was not pursued, much less exhausted.

### B.     Substantive Due Process

In addition to his procedural due process claim, Plaintiff also claims that the Defendants violated his right to substantive due process. (Doc. 1-1, pg. 6, ¶13). Both the Supreme Court and the Seventh Circuit have "emphasized how limited the scope of the substantive due process doctrine is." *Lee v. City of Chicago,* 330 F.3d 456, at 467 (7th Cir. 2003) (internal citations omitted). Accordingly, substantive due process is not "a blanket protection against unjustifiable interferences with property." *Id.* (internal citation omitted). "Unless a governmental practice encroaches on a fundamental right, substantive due process requires only that the practice be rationally related to a legitimate government interest, or alternatively phrased, that the practice be neither arbitrary or irrational." *Id.* (internal citation omitted). When a substantive-due-process

---

[4] https://ecf.ilnd.uscourts.gov/doc1/067111140958

challenge involves only the deprivation of a property interest (as is the case in the instant matter), a plaintiff must show "either the inadequacy of state law remedies or an independent constitutional violation" before the court will even engage in this deferential rational-basis review. *Id.* (citing *Doherty v. City of Chicago*, 75 F.3d 318, 323-26 (7th Cir. 1996)); s*ee also Wudtke v. Davel*, 128 F.3d 1057, 1062 (7th Cir. 1997) ("[I]n cases where the plaintiff complains that he has been unreasonably deprived of a state-created property interest, without alleging a violation of some other substantive constitutional right or that available state remedies are inadequate, the plaintiff has not stated a substantive due process claim.").

Because the instant Plaintiff's substantive due process claim does not implicate a fundamental right and involves only the deprivation of a property interest, Plaintiff must show either that state-law remedies are inadequate or that an independent constitutional right has been violated. *Lee,* 330 F.3d at 467. Plaintiff cannot make either showing here. As discussed, Plaintiff does not have a protected property interest nor has he alleged an independent federal constitutional violation. Plaintiff's Complaint does not allege whether any available state-law remedies are inadequate.

For these reasons, Plaintiff's procedural and substantive due process claims fail to state a claim upon which relief can be granted and must be dismissed with prejudice.

## II.      PLAINTIFF'S EQUAL PROTECTION CLAIM FAILS TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED

The Equal Protection Clause of the Fourteenth Amendment prohibits state action that discriminates on the basis of membership in a protected class or irrationally targets an individual for discriminatory treatment as a so-called 'class of one'. *Reget v. City of LaCrosse*, 595 F.3d 691, 695 (7th Cir. 2010) (citing *Enquist v. Or. Dep't of Agric.,* 553 U.S. 591 (2008)). The typical

equal protection case involves discrimination by race, national origin or sex, but a claim can also be based on the singling out of a person for different treatment for no rational reason. *Swanson v. Chetek*, 719 F.3d 780, 783 (7th Cir. 2013).

A traditional equal protection claim must allege that the defendants treated plaintiff differently from others who were similarly situated, that the defendants intentionally treated him differently because of his membership in a class, and that the discriminatory intent was not rationally related to a legitimate governmental interest. *Schroeder v. Hamilton Sch. Dist.,* 282 F.3d 946, 953-4 (7th Cir. 2002). In other words, plaintiff must allege that the defendants discriminated against him based on his membership in a definable class. See *Personnel Adm'r of Mass v. Feeney*, 442 U.S. 256 (1979); *Harvey v. Town of Merrillville*, 649 F.3d 526, 531 (7th Cir. 2011); *Nabozny v. Podlesny*, 92 F.3d 446 (7th Cir. 1996) ("In order to establish liability under §1983, [a plaintiff] must show that the defendants acted with nefarious discriminatory purposes and discriminated against him based on his membership in a definable class.") (internal citations omitted). Plaintiff must allege purposeful or intentional discrimination implying "[m]ore than intent as volition or intent as awareness of consequences * * * [but that a] decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group." *Nabozny*, 92 F.3d at 453-4 (citing *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982). A showing that a defendant was negligent is insufficient to meet the requirements of showing a violation of equal protection. *Id.*

A so-called "class-of-one" equal protection claim requires, at a minimum, allegations that "the defendants intentionally treated [plaintiff] differently from others situated similarly to [him] for no rational reason." *Williamson v. Curran*, 714 F.3d 432 (7th Cir. 2013); *see also LaBella*

9

*Winnetka, Inc. v. Vill. of Winnetka*, 628 F.3d 937, 942 (7th Cir. 2010). To be similarly situated, a plaintiff and his comparators must be identical or directly comparable in all material respects. *Id.* at 942 (citing *Reget v. City of LaCrosse*, 595 F.3d 691, at 695 (7th Cir. 2010). Whether others are similarly situated to the plaintiff is usually a question of fact. *Id.* However, dismissal at the pleading stage is appropriate where the pleadings themselves demonstrate that plaintiff and the comparators are different in material respects. *Id.* The recent decision of *Geinosky v. City of Chicago*, 675 F.3d 743 (7th Cir. 2012) held that to sufficiently plead a "class of one" equal protection violation, a plaintiff need not identify specific comparators in the complaint when a clearly identifiable pattern of harassment has been alleged. *Id.* at 748.

A plaintiff cannot pursue both a "class-of-one" and "suspect class" equal protection claim as they are fundamentally incompatible. *See Thorncreek Apartments III, LLC v. Village of Park Forest, et al.,* 970 F.Supp.2d 828 (N.D. Il. 2013).

In the instant matter, Plaintiff simply alleges that he was "deprived of...equal protection under the Constitution and laws of the United Stated (*sic*) by the Village." (D.E. 1-1, pg. 6, ¶13). Notwithstanding that he has no property interest in the subject Property, there are no allegations that a state actor intentionally treated him differently than others similarly situated. There are no allegations that a state actor irrationally treated him differently that others that were similarly situated because of his membership in a protected class. Moore has not alleged that other squatters were allowed to obtain water service, or that the Village made the decision on a constitutionally impermissible basis. He says they made a bad decision in his case and that is person-specific. Finally, the Complaint fails to allege that the alleged discrimination was not rationally related to a legitimate government purpose.

10

Because Plaintiff has not identified similarly situated comparators or alleged facts that could possibly give rise to the inference that the Village lacked a rational basis to deny Plaintiff's application for water service based upon the simple fact that Plaintiff does not own the Property, he has failed to state a claim for equal protection.

Accordingly, Plaintiff's equal protection claim must be dismissed for failure to state a claim upon which relief could be granted.

### III. AS A SOVEREIGN CITIZEN, PLAINTIFF HAS NO STANDING TO AVAIL HIMSELF OF THE RIGHTS AND PRIVILEGES AFFORDED BY THE U.S. CONSTITUTION AND 42 U.S.C. §1983

On October 8, 2010, Plaintiff, TORREZ MOORE, recorded with the Cook County Recorder of Deeds at documents entitled "Affidavit and Declaration of Indigenous Status, Birthright, Independent, and Autochones Torrez Moore" (hereinafter "**Declaration**", attached hereto and marked as Exhibit **7**). In his Declaration, Plaintiff claims to be a "natural, indigenous freeborn original sovereign" and further declares that he is "not a 'person' when such term is defined in statutes of the United States..." (Ex. 7, pg. 5, ¶¶32-33). More importantly, Plaintiff's Declaration further states that he is not a "14th Amendment citizen." (Ex. 7, pg. 2, ¶10). Despite these statements, Plaintiff now seeks to avail himself of the right and privileges afforded by the 14th Amendment and 42 U.S.C. §1983.

Claims of sovereignty are often raised as defenses in federal criminal prosecutions. The Seventh Circuit has repeatedly rejected their theories of individual sovereignty, immunity from prosecution, and their ilk. *See United States v. Burke*, 425 F.3d 400, 408 (7th Cir. 2005); *United States v. Hilgeford*, 7 F.3d 1340, 3142 (7th Cir. 1993) (rejecting the "shop worn" argument that a defendant is a sovereign and is beyond the jurisdiction bounds of the district court); *United*

11

*States v. Sloan*, 939 F.3d 400, 500-01 (7th Cir. 1991) (defendant is a sovereign and is beyond the jurisdiction bounds of the district court); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing defendant's proposed "sovereign citizen" defense as having "no conceivable validity in American law"); *Blake-Bey v. Cook County, Ill.,* 438 FED. APPX. 522, at *1 (7th Cir. Nov. 23, 2011) (affirming dismissal of suit by persons alleging to be sovereign citizens not subject to the laws of Illinois).

Here, Plaintiff has asserted constitutional violations of his 14th Amendment rights for which 42 U.S.C. §1983 provides a procedure for redress for the deprivation of those rights. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). However, Plaintiff's Declaration explicitly renounced his 14th rights, which encompass his Count I claims for the alleged violation of due process and equal protection. (Ex. 7, pg. 2, ¶10). Further, Plaintiff's Declaration specifically states that he is not a "person" as the term is defined in United States statutes. (Ex. 7, pg. 5, ¶33). Therefore, even if he has not disclaimed his 14th Amendment rights, he has no standing to assert those rights via 42 U.S.C. §1983 pursuant to the plain language contained within his own Declaration wherein he claims not to be a citizen for purposes of federal statutes. (Ex. 7, pg. 5, ¶33).

Plaintiff's claim of sovereignty on one hand and his invocation of the protections afforded by our Constitution on the other are fundamentally incompatible. As a self-proclaimed sovereign citizen, Plaintiff has no standing to maintain a violation of rights afforded by the 14th Amendment and enforced through 42 U.S.C. §1983. Accordingly Count I must be dismissed for lack of personal jurisdiction.

### IV. PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES MUST BE STRICKEN

12

Plaintiff's Complaint names PAUL BRAUN, Village President; ED MCCORMICK, Village Attorney and LINDA SIMON, Water Accounts Clerk (incorrectly described as an elected commissioner). Plaintiff's Complaint further states that these three individuals were named *only* in their official capacities. (D.E. 1-1, pg. 5, ¶6). Aside from identifying these individuals in the "Parties" section of the Complaint (D.E. 1-1, pg. 5, ¶6), there are no allegations specific to any of these three individuals to suggest that they have also been sued in their individual capacities. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

Official capacity suits are simply a way of pleading an action against an entity of which the officer is an agent. *Sow v. Fortville Police Dep't*, 693 F.3d 293, 300 (7th Cir. 2011)(citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)); see also *Sanders v. Sheahan*, 198 F.3d 626, 629 (7th Cir. 1999) ("A claim against a government employee acting in his official capacity is the same as a suit directed against the entity the official represents."). Thus, Plaintiff's claims against the three individually named Defendants are in essence a suit against the Village of Flossmoor which is also a party to this lawsuit. See, *e.g. Carver v. Sheriff of LaSalle Cnty.*, 324 F.3d 947, 948 (7th Cir. 2003) (holding that "a county in Illinois is a necessary party in any suit seeking damages from an independently elected officer."). Because the Village of Flossmoor has been named as a Defendant, claims against the three individually named representatives of the Village of Flossmoor are redundant and unnecessary. *See Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008) ("[a]n official capacity suit is tantamount to a claim against the government entity itself."). Plaintiff cannot recover punitive damages by suing these individuals only in their official capacity. Further, Plaintiff cannot recover punitive damages against the Village of Flossmoor. *See Newport v. Fact Concerts, Inc.,* 453 U.S. 247 (1981) (municipalities are not

13

subject to punitive damages in suits under 42 U.S.C. §1983); *Robinson v. City of Harvey, Ill.,* 617 F.3d 915, 916 (7th Cir. 2010); *Thompson v. Village of Monee,* No. 12 C 5020, 2013 WL 3337801, at *26 (N.D. Ill. July 1, 2013). Accordingly, claims against the individuals in their official capacities should be stricken as well as Plaintiff's claim for punitive damages.

## V.    PLAINTIFF'S STATE LAW CLAIM FOR EQUITABLE ESTOPPEL FAILS

Aside from his federal claims alleging violation of due process and equal protection, Plaintiff has also asserted a state-law claim for equitable estoppel against the Village of Flossmoor. (D.E. 1-1, pg. 9, ¶¶18-19). Defendants respectfully request that this Court rule on the merits of Plaintiff's state-law claim for equitable estoppel

In order to claim estoppel against a municipal entity, a party must show: (1) an affirmative act of the municipality induced justifiable reliance on the part of the claimant; (2) the claimant acted on the basis of that reliance; and (3) the claimant substantially changed his position as a result of his reliance. *County of DuPage v. K-Five Construction Corp.,* 267 Ill.App.3d 266, 273 (1994). Equitable estoppel's use against municipalities is not favored, and so if it is invoked against a governmental entity exercising governmental functions, it will lie only in extraordinary or compelling circumstances. *Id.*

Plaintiff's Complaint fails to allege any of the three elements necessary to maintain a claim for equitable estoppel against a municipality. Rather, Plaintiff simply alleges "[b]y reason of its conduct in allowing plaintiff not to connect the water line, the Village is equitably estopped from asserting that the Plaintiff's water line is "illegal." (D.E. 1-1, pg. 9, ¶¶18-19).

Plaintiff's Complaint fails to allege what act taken by an agent of the municipality induced justifiable reliance upon the Plaintiff to act in such a way that he substantially changes

14

his position as a result of the reliance. The only "act" taken by the Village was the receipt and review of Plaintiff's water service application which was determined by the Village Attorney to be not a valid document to prove ownership. (Ex. 1, ¶9).

Accordingly, this state-law claim must be dismissed for failure to state a claim.

## CONCLUSION

**WHEREFORE,** Defendants, VILLAGE OF FLOSSMOOR, PAUL BRAUN, ED MCCORMICK and LINDA SIMON, respectfully request that this Honorable Court dismiss Plaintiff's Complaint with prejudice and for any other relief deemed appropriate.

Respectfully Submitted,

/s/Michael R. Hartigan
Attorney for Defendants

Michael R. Hartigan, ARDC 06272365
Patrick H. O'Connor, ARDC 06207351
HARTIGAN & O'CONNOR P.C.
20 North Clark Street, Suite 501
Chicago, IL 60602
312/201-8880

15

### CERTIFICATE OF SERVICE BY ELECTRONIC MAIL AND VIA U.S MAIL

TO:    Torrez Moore
3137 Redwood Court
Flossmoor, IL 60422

Torrez Moore
10821 S. Wood
Chicago, IL 60643

The undersigned, an attorney, states that s/he served the foregoing document upon each party to whom it is directed, via electronic mail, and by mailing same in properly addressed postage paid envelopes and depositing same in the U.S. Mail chute at 20 North Clark Street, Chicago, IL at or about 5:00 p.m. on this 19th day of September, 2014.

/s/Michael R. Hartigan

16